In the Matter of ROBERT BERKOWITZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 24, 1988

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Robert Berkowitz,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on February 23, 1972. He was subsequently suspended from the practice of law in California for a period of 90 days effective January 2, 1987.

This proceeding was commenced pursuant to 22 NYCRR 691.3 which permits this court to impose discipline upon an attorney who has been disciplined in another State. That rule permits an attorney to demand a hearing with respect to certain enumerated defenses. The Special Referee to whom the matter was referred to hear and report has found that the respondent was given an opportunity to be heard in the California proceeding and was therefore not deprived of due process, nor was there a lack of proof establishing the misconduct as to give rise to the conclusion that this court could not, consistent with its duties, accept as final the finding of the California court as to the respondent's misconduct; nor would the imposition of discipline by this court be unjust *(see,* 22 NYCRR 691.3).

Generally stated, the misconduct in California involved the respondent's neglecting several pending matters as a result of his closing his office in California and moving to Texas.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion to confirm the report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that respondent has already been disciplined in California as well as the other mitigating circumstances advanced by the respondent at the hearing of this matter. Accordingly, the respondent should be and hereby is censured for his misconduct.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and EIBER, JJ., concur.